WATSON ROUNDS
MICHAEL D. ROUNDS
Nevada Bar No. 4734
MATTHEW D. FRANCIS
Nevada Bar No. 6978
VINH PHAM
California Bar No. 240775
*Admitted Pro Hac Vice*
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: (775) 324-4100
Email: mrounds@watsonrounds.com
Email: mfrancis@watsonrounds.com
Email: vpham@watsonrounds.com

Attorneys for Plaintiff/
Counterdefendant Sky Zone, LLC



FILED / ENTERED
MAY 27 2011
CLERK US DISTRICT COURT
DISTRICT OF NEVADA

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SKY ZONE, LLC, a Nevada limited liability company,<br><br>           Plaintiff,<br><br>vs.<br><br>JERRY RAYMOND, an individual; ROBERT RAYMOND, an individual; RONALD RAYMOND, an individual; ROLLAND P. WEDDELL, an individual; CHRISTOPHER WEDDELL, an individual; SKY HIGH SPORTS, LLC, a Nevada limited liability company; SKY HIGH SPORTS CALIFORNIA, LLC, a Nevada limited liability company; SKY HIGH SPORTS CONCORD CALIFORNIA, LLC, a Nevada limited liability company; SKY HIGH SPORTS CONCORD OPERATIONS, LLC, a Nevada limited liability company; SKY HIGH SPORTS CONCORD, LLC, a Nevada limited liability company; SKY HIGH SPORTS FRANCHISE, LLC, a Nevada limited liability company; SKY HIGH SPORTS OPPORTUNITIES, LLC, a Nevada limited liability company; SKY HIGH SPORTS ORANGE COUNTY OPERATIONS, LLC, a Nevada limited liability company; SKY HIGH SPORTS ORANGE COUNTY, LLC, a Nevada limited liability company; SKY HIGH SPORTS SACRAMENTO OPERATIONS, LLC, | Case No.: 3:11-cv-00141-ECR-RAM<br><br>**STIPULATED PROTECTIVE ORDER** |

1

| | |
|---|---|
| 1 | a Nevada limited liability company; SKY HIGH SPORTS SACRAMENTO, LLC, a Nevada limited liability company; SKY HIGH SPORTS SANTA CLARA OPERATIONS, LLC, a Nevada limited liability company; SKY HIGH SPORTS SANTA CLARA, LLC, a Nevada limited liability company; SKY HIGH SPORTS SEATTLE OPERATIONS, LLC, a Nevada limited liability company; SKY HIGH SPORTS SEATTLE, LLC, a Nevada limited liability company; SKY HIGH SPORTS WASHINGTON, LLC, a Nevada limited liability company; TRIBROS, LLC, a Nevada limited company, |
| | Defendants. |

AND RELATED COUNTERCLAIMS.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the parties to this action, IT IS HEREBY ORDERED:

1. All documents, materials, items, and/or information which are designated as confidential under the terms of this Protective Order, and contain or comprise confidential and sensitive research, development or commercial information produced either by a party or by a non-party to or for any of the parties shall be governed by this Protective Order.

2. Any information produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as (1) "Confidential" or (2) "Confidential-Attorneys' Eyes Only." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties. As a general guideline, materials designated "Confidential-Attorney's Eyes Only" shall be those confidential and sensitive things of a proprietary business or technical nature which might be of value to a potential competitor of the party or non-party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties. Absent a specific order by this Court, or written permission from the designating party, information once designated as "Confidential" or "Confidential-Attorney's Eyes Only" shall be used by parties solely in

2

connection with this litigation, and not for any business, competitive, or governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.

3. Any party or non-party wishing to come within the provisions of this Protective Order shall designate, in writing, the documents, information, or portions thereof which he, she or it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder. In the instance of documents, the items produced must be marked "Confidential" or "Confidential-Attorneys' Eyes Only" by the producing party or non-party. In the instance of depositions, counsel may, in the record of the deposition, designate the transcript or portion thereof as "Confidential" or "Confidential-Attorneys' Eyes Only," and only the parties identified in paragraphs 4 and 5 may then be present in the depositions. The witness under deposition or his counsel may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed "Confidential" or "Confidential-Attorneys' Eyes Only." The designations should be made on the record whenever possible, but a party may designate portions of a deposition either "Confidential" or "Confidential-Attorney's Eyes Only" provided written notice of such designation is given to each party no later than (10) ten days following receipt of the deposition transcript.

4. Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to those parties or other persons who agree in advance to abide by this Protective Order and to whom it is necessary that the material be shown for purposes of this litigation.

5. Documents, deposition testimony, or answers to interrogatories stamped "Confidential-Attorneys' Eyes Only" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to (a) the trial counsel designated on the pleadings for the law

firms of record in this actions and those of their staff to whom it is necessary that the materials be shown for the purposes of this litigation; (b) consultants as defined in Paragraph 6 hereof and pursuant to the provisions on Paragraph 7 hereof.

6. For purposes of Paragraph 5(b) hereof, a consultant shall be defined as a person who is not an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part-time, by or at the direction of counsel for a party.

7. The procedure for having a consultant approved for access to information designated "Confidential-Attorneys' Eyes Only" shall be as follows:

(a) The party seeking to have a consultant, as defined in Paragraph 6 hereof, approved shall provide the producing party with:

    i) the name of the designated person;

    ii) the present employer and title of said designated person;

    iii) a resume or curriculum vitae of said designated person;

    iv) a written acknowledgment, in the form of Attachment A hereto, signed by the designated person for whom approval is sought, that the person has read this Protective Order and agrees to be bound by its terms.

(b) Within seven (7) calendar days after mailing (via overnight delivery) of the information and written acknowledgment described in subparagraph (a), the producing party may object to the person proposed for approval if facts available to the producing party give it genuine reason to believe that there is a reasonable likelihood that the designated person may use information designated "Confidential-Attorneys' Eyes Only" for purposes other than the preparation or trial of this case. Objections must be based upon a legitimate good faith belief in such unauthorized use and shall not be made for purposes of delaying approval of said designated person. If an objection is found not to be made in good faith by the court, then the party whom the objection was made shall be entitled to reasonable attorneys' fees and costs. Failure to object within seven (7) calendar days to a person proposed shall be deemed approval, but shall but not preclude a producing party from objecting to continued access by that person

where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.

(c) If the producing party so objects, the producing and requesting party shall, within seven (7) calendar days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. At the conference, the producing party shall inform the requesting party of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then the producing party may move the Court for an order that access to information designated "Confidential-Attorneys' Eyes Only" be denied to the designated person. The time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.

(d) The parties agree that the information identified above in subparagraph 7(a) shall constitute sufficient information from which to approve said designated person.

8. All confidential information covered by this order shall be kept in secure facilities at trial counsel's offices and in no event be taken to or stored on the premises of a party without having first received written permission from the party designating the document confidential, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 4, 5, and 6 of this Protective Order as persons properly having access thereto under the appropriately designated degree of confidentiality. All counsel for the parties who have access to confidential information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

9. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

10. If any document or information designated to be "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential

information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

11. A party should designate as "Confidential" or "Confidential-Attorneys' Eyes Only" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Protective Order. If, at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is unreasonably claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Before filing any such application, the party seeking relief shall confer with the other party to determine whether the matter can be resolved by agreement.

12. The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of Paragraph 11 of this Protective Order.

13. At any hearing relating to this litigation prior to trial before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared and that the court employees be advised as to the terms of this Protective Order. If any party reasonably anticipates that "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents will be presented in any hearing in this litigation, it may request that the Court close the courtroom during such presentation. If the Court denies any such request, the use of the "Confidential" or

"Confidential-Attorneys' Eyes Only" information or documents in court shall not affect its coverage by this Protective Order or constitute a waiver of secrecy with respect thereto.

14. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

15. This Protective Order shall be effective on the date entered by the Court.

16. Within ninety (90) days after the conclusion of this action, unless otherwise agreed by the parties, all confidential materials and/or information shall be returned to the party or non-party who produced such materials, or to their respective counsel, or such information shall be destroyed, at the election of the receiving party, and if destroyed, the receiving party shall provide written notice of such destruction within the time period prescribed by this paragraph.

IT IS SO STIPULATED:

Dated: May 26, 2011

By: /s/ Matthew D. Francis
WATSON ROUNDS
MICHAEL D. ROUNDS, ESQ.
Nevada Bar No. 4734
MATTHEW D. FRANCIS, ESQ.
Nevada Bar No. 6978
VINH PHAM
California Bar No. 240775
*Admitted Pro Hac Vice*
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: (775) 324-4100
Email: mrounds@watsonrounds.com
Email: mfrancis@watsonrounds.com

Attorneys for Plaintiff/
Counterdefendant Sky Zone, LLC

Dated: May 26, 2011

/s/ Bret F. Meich
RICHARD G. CAMPBELL, JR.
rcampbell@armstrongteasdale.com
BRET F. MEICH
bmeich@armstrongteasdale.com
MANITA RAWAT
mrawat@armstrongteasdale.com
ARMSTRONG TEASDALE, LLP
50 West Liberty Street, Suite 950
Reno, Nevada 89501

Attorneys for Defendants/Counterclaimants

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 27, 2011

7

**Attachment A**

ACKNOWLEDGEMENT AND NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Sky Zone, LLC v. Raymond, et al.</u>, United States District Court for the District of Nevada, Case No.: 3:11-cv-00141-ECR-RAM, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:_____              Signed_____

## CERTIFICATE OF SERVICE

Pursuant to Fed. R Civ. P. 5(b), I hereby certify that on this date, a true and correct copy of **Stipulated Protective Order,** was sent to the individuals listed below via electronic mail through the Court's filing system:

RICHARD G. CAMPBELL, JR.
rcampbell@armstrongteasdale.com
BRET F. MEICH
bmeich@armstrongteasdale.com
MANITA RAWAT
mrawat@armstrongteasdale.com
ARMSTRONG TEASDALE, LLP
50 West Liberty Street, Suite 950
Reno, Nevada 89501

Dated: May 26, 2011                              /s/ Carla Ousby
                                                   Carla Ousby