WATSON ROUNDS
MICHAEL D. ROUNDS
Nevada Bar No. 4734
MATTHEW D. FRANCIS
Nevada Bar No. 6978
VINH PHAM
California Bar No. 240775
*Admitted Pro Hac Vice*
5371 Kietzke Lane
Reno, NV 89511
Telephone: (775) 324-4100
Email: mrounds@watsonrounds.com
Email: mfrancis@watsonrounds.com
Email: vpham@watsonrounds.com

Attorneys for Plaintiff/
Counterdefendant Sky Zone, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SKY ZONE, LLC, a Nevada limited liability company, | Case No.: 3:11-cv-00141-ECR-WGC |
| Plaintiff, | **DECLARATION OF SCOTT A. SCHROEDER IN SUPPORT OF SKY ZONE, LLC'S OPENING CLAIM CONSTRUCTION BRIEF** |
| vs. | |
| JERRY RAYMOND, an individual; ROBERT RAYMOND, an individual; RONALD RAYMOND, an individual; ROLLAND P. WEDDELL, an individual; CHRISTOPHER WEDDELL, an individual; SKY HIGH SPORTS, LLC, a Nevada limited liability company; SKY HIGH SPORTS CALIFORNIA, LLC, a Nevada limited liability company; SKY HIGH SPORTS CONCORD CALIFORNIA, LLC, a Nevada limited liability company; SKY HIGH SPORTS CONCORD OPERATIONS, LLC, a Nevada limited liability company; SKY HIGH SPORTS CONCORD, LLC, a Nevada limited liability company; SKY HIGH SPORTS FRANCHISE, LLC, a Nevada limited liability company; SKY HIGH SPORTS OPPORTUNITIES, LLC, a Nevada limited liability company; SKY HIGH SPORTS ORANGE COUNTY OPERATIONS, LLC, a Nevada limited liability company; SKY HIGH SPORTS ORANGE COUNTY, LLC, a Nevada limited liability company; SKY HIGH | |

1

| | |
|---|---|
| 1 | SPORTS SACRAMENTO OPERATIONS, LLC, a Nevada limited liability company; SKY HIGH SPORTS SACRAMENTO, LLC, a Nevada limited liability company; SKY HIGH SPORTS SANTA CLARA OPERATIONS, LLC, a Nevada limited liability company; SKY HIGH SPORTS SANTA CLARA, LLC, a Nevada limited liability company; SKY HIGH SPORTS SEATTLE OPERATIONS, LLC, a Nevada limited liability company; SKY HIGH SPORTS SEATTLE, LLC, a Nevada limited liability company; SKY HIGH SPORTS WASHINGTON, LLC, a Nevada limited liability company; TRIBROS, LLC, a Nevada limited company, |
| | Defendants. |
| | AND RELATED COUNTERCLAIMS. |

I, Scott A. Schroeder, declare and state as follows:

1. I make this declaration based on my own personal knowledge, and in support of Sky Zone, LLC's ("Sky Zone") Opening Claim Construction Brief.

2. I have been retained by Sky Zone as an expert in the above-captioned matter.

3. My qualifications and background are described in my *curriculum vitae*, attached as Ex. A.

4. I am not a lawyer and do not have special training in patent law. To the extent that I rely on legal standards for the purposes of rendering the opinions set forth herein, I do so based on information from counsel regarding such standards.

5. I have been informed that there is a disagreement in this case about the construction of two terms used in the claims of Sky Zone's U.S. Patent No. 5,624,122 (the "'122 Patent"). The '122 Patent relates to a supported surface for transitional movement. The subject matter of the '122 Patent is within my core area of expertise.

6. The disputed terms are 1) "means to support each of said cables at their respective extremities" and 2) "elongated." Sky Zone has asked for my opinion as to what those terms would mean to one of ordinary skill in the art.

7. I have been informed by counsel that, for the purposes of determining the meaning of these terms, they are construed according to how they would have been understood

by a person having ordinary skill in the relevant art at the time of the effective filing date of the '122 Patent. I have been advised that the effective filing date for the '122 Patent is July 17, 1996. It is my opinion that, with respect to the '122 Patent, a person having ordinary skill in the relevant art on that date would have possessed 1) work experience in trampoline design, or (2) a Bachelor of Science degree or higher (such as a Master's Degree and/or a Ph.D.) in Mechanical Engineering, with less industrial experience.

8. "Means to support each of said cables at their respective extremities" would have been understood by one of ordinary skill in the art in the context of the '122 Patent to mean posts and equivalents thereof.

9. "Elongated" as used in Claim 1 of the '122 Patent does not have a special technical definition. Rather, the word has its well-known and commonly understood meaning at the time of the effective filling date of the patent. Thus, the word would have been commonly understood, including by one of ordinary skill in the art at that time to mean, in the context of the '122 Patent, "long, in relation to its width," in other words, "slender, having more length than width." Furthermore, in engineering usage, "elongation" is defined (Mechanical Engineering Reference Manual for the PE Exam, M.R. Lindeburg, 11th edition) as the total plastic, non-elastic, strain at failure. As there is no provision for permanent or irreversible deformation of any structure within the '122 Patent, this is clearly not the intended usage. Attached as Ex. B is a true and correct print out of excerpts from Mechanical Engineering Reference Manual for the PE Exam, M.R. Lindeburg, 11th edition.

10. Attached as Ex. C is a true and correct print out of the *Elongated Definition*, Oxforddictionaries.com, http://oxforddictionaries.com/definition/elongated (last visited September 27, 2011).

11. I have reviewed the specification and the prosecution history of the '122 Patent and have seen nothing to contradict my above opinions.

12. I have been informed by counsel that Defendants (collectively "Sky High") contend that the function for the means-plus-function claim should be identified as "to support said cables by supplying **tension** at each cable's respective extremities," the corresponding

3

structure as "posts **at the end of the field** that exert a **tensile** force to support the cables," and that "elongated" should be construed as "**stretched**, placed in **tension**." (emphasis added). Neither the claims nor the description of the '122 Patent support Sky High's narrowing of the constructions. In particular, they do not support Sky High's attempt to impose the requirement that tensile forces must be applied to the steel cables to stretch them. In addition, although the specification does disclose posts at "the edges of the field," posts that are located elsewhere can also perform the recited function of supporting the cables such that the cables are "disposed above a ground level."

    I declare under penalty of perjury, pursuant to the laws of the United States, that the foregoing is true and correct to the best of my knowledge.

    Dated this 28th day of September, 2011.

By: _____
Scott A. Schroeder, Ph.D., P.E.

4

# CERTIFICATE OF SERVICE

Pursuant to Fed. R Civ. P. 5(b), I hereby certify that on this date a true and correct copy of **Declaration of Scott A. Schroeder in Support of Sky Zone, LLC's Opening Claim Construction Brief** was served upon the following individuals via electronic mail through the United States District Court's CM/ECF system.

RICHARD G. CAMPBELL, JR.
rcampbell@armstrongteasdale.com
BRET F. MEICH
bmeich@armstrongteasdale.com
MANITA RAWAT
mrawat@armstrongteasdale.com
ARMSTRONG TEASDALE, LLP
50 West Liberty Street, Suite 950
Reno, NV 89501

Dated: September 28, 2011             /s/Carla Ousby
                                                                 Carla Ousby