1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

SKY ZONE, LLC,

9

10              Plaintiff,                      3:11-cv-0141-LRH-WGC

11    v.

ORDER

12    JERRY RAYMOND, *et al.*,

13              Defendant.

14

15          Before the Court is Plaintiff Sky Zone, LLC's ("Sky Zone") Motion for the Court to Defer

16    Consideration of Defendants' Motion for Summary Judgment.  Doc. #100.[1]  Defendants filed an

17    Opposition (Doc. #102), to which Sky Zone replied (Doc. #106).  Thereafter, Defendants moved

18    for leave to file a sur-reply.  Doc. #109.

19    **I.      Facts and Background**

20          Plaintiff Sky Zone is a Nevada limited liability company that owns United States Patent

21    5,624,122 ("the '122 patent"), which discloses an invention for "a resilient playing field comprised

22    of trampoline panels adjacent to one another on a grid of steel cables."  Doc. #43 at 2.  The '122

23    patent explains that "the resilient field enables games where participants can perform jumping feats

24    not possible on ground."  *Id.*  A copy of the patent, titled "Sport Game and Field" is attached as

25    Exhibit A to the Complaint.  Doc. #1, Exhibit A.

26

          [1] Refers to the Court's docket number.

Sky High Sports ("Sky High") is a limited liability company that provides trampoline centers at numerous locations throughout California, Oregon, and Washington. Doc. #34 ¶6. Prior to opening these trampoline centers, Defendant Jerry Raymond, a managing member of Sky High Sports, visited Sky Zone's facility in Las Vegas and discussed franchising opportunities. *Id.* ¶7.

On February 25, 2011, Sky Zone filed a Complaint against Sky High for patent infringement, alleging that Sky High's facilities infringed claims 1 through 4 of the '122 patent. Doc. #1 ¶36. In its Answer, filed on April 22, 2011, Sky High asserted six affirmative defenses to Sky Zone's claim of infringement: (1) failure to state facts sufficient to constitute a cause of action; (2) estoppel; (3) waiver; (4) laches; (5) unclean hands; and (6) statute of limitations. Doc. #34 at 5.

Sky High also asserted three counterclaims against Sky Zone: (1) declaratory judgment of noninfringement; (2) declaratory judgment of invalidity; and (3) tortious interference with prospective business relations. *Id.* at 9-10. In its Answer to Sky High's counterclaims, Sky Zone asserted eleven affirmative defenses: (1) failure to state a claim upon which relief may be granted; (2) unclean hands; (3) valid patent; (4) truthfulness; (5) economic interest; (6) interest as competitor in industry; (7) failure to mitigate damages and/or losses claimed; (8) lack of causation; (9) assumption of risk; (10) good faith; and (11) entitlement to offset. Doc. #36 at 4-5.

Claim 1 of the '122 patent, which includes the terms at issue here, describes:

A supported surface for transitional movement, said surface being formed of:
a.   a grid of elongated steel cables disposed above a ground level, said grid being formed of a plurality of first parallel cables spaced from each other, and a plurality of second steel cables disposed transversely of and in abutment with the first cables, said second steel cables being parallel to, and spaced from, each other, said first and second cables defining a plurality of open spaces between the cables;
b.   means to support each of said cables at their respective extremities;
c.   a plurality of first panels, each of said first panels being formed of a yieldable heavy fabric having edges and each panel being configured to space its edges from either a first or second cable defining space;
d.   a plurality of resilient elements extending outwardly from each edge of each panel for attachment to the nearest of said first and second cables, thereby to support the panel on said first or second cables within a space defined by said cables; and
e.   a plurality of elongated cover means, the last said means each comprising a padded sheet material having a width greater than the

2

distance between parallel edges of adjacently disposed panels, each said cover means being disposed over at least a portion of one of the first and second cables and the resilient means attached thereto and extending from the edge of a first panel.

Doc. #1, Exhibit A, '122 Patent 5:4-30.

Defendants filed a Motion for Summary Judgment on January 30, 2015.  Doc. #99.  In lieu of a response, Sky Zone requests that the Court defer consideration of Defendants' Motion so that the parties can complete discovery.  Doc. #100.  The parties' stipulated Scheduling Order sets June 5, 2015, as the discovery cut-off date.  Doc. #104 at 3.

**II.   Legal Standard**

If a party opposing summary judgment shows that it cannot yet present essential facts to support an opposition, the court can defer consideration of the motion until the factual record becomes more complete.  Fed. R. Civ. P. 56(d).  Rule 56(a) permits a party to move for summary judgment any time after the expiration of twenty days from the commencement of the action. *Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).  However, courts generally grant motions to continue under Rule 56(d) freely because "lightning-quick summary judgment motions can impede informed resolution of fact-specific disputes." *Id.* at 773-74.  In order to succeed on a Rule 56(d) motion, a party must identify what facts are sought, and how such facts will reasonably create triable issues or otherwise rebut summary judgment. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 965 n.3 (9th Cir. 2009) (quoting *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir.1989)).

**III.   Discussion**

Sky Zone states that additional discovery "is reasonably expected to create triable issues of fact . . . on the factual analysis of alleged non-infringement under the doctrine of equivalents." Doc. #100 at 2.  Specifically, Sky Zone states that it plans to complete essential discovery before June 5, 2015, including depositions and written discovery of Defendants on a wide range of issues such as trampoline field design, modifications for each Sky High trampoline, and other related

1    design efforts, and depositions of Defendants' expert witnesses.  *Id.* at 4-6.  Defendants argue that

2    the Court should not allow additional discovery because: (1) no factual dispute is relevant to the

3    summary judgment motion because it raises a pure legal issue; (2) Sky Zone was able to serve its

4    expert report without the discovery it now claims is essential; and (3) Sky Zone has not explained

5    why it has waited to conduct the needed discovery until this point.  Doc. #102 at 3.

6        **A.  Purely Legal Issue**

7        Defendants state that Sky Zone has raised a purely legal issue: "whether Plaintiff is

8    precluded as a matter of law from arguing that rigid poles are the equivalent of the claimed flexible

9    steel cables of the asserted patent."  *Id.* at 4.  Defendants state further that all material facts related

10   to their motion are undisputed, and that in order to prevail, Sky Zone must, based on these facts,

11   "show that a specific part of Defendants' accused trampoline systems is the equivalent of a specific

12   limitation of the '122 patent claims."  *Id.* at 4-5.  Defendants raise the following undisputed facts:

13   (1) Sky Zone "did not dispute the examiner's statements during re-examination of the '122 patent

14   that the rigid steel poles of the prior art trampoline are not the equivalent of the flexible steel cables

15   of the claims of the '122 patent"; (2) "Defendants' trampoline system does not use flexible steel

16   cables and instead uses rigid steel poles"; and (3) Sky Zone "is alleging infringement under the

17   doctrine of equivalents because Defendants' rigid poles are not literally the flexible steel cables of

18   the '122 patent."  *Id.* at 5.  Based on these undisputed facts, Defendants argue that "the only issue

19   to be resolved is the purely legal issue of whether Plaintiff's actions during re-examination preclude

20   Plaintiff from arguing infringement under the doctrine of equivalents."  *Id.* at 6.

21       Sky Zone argues that it seeks discovery involving factual issues that will impact

22   Defendants' Motion, including "what structure each Defendant facility uses, and whether or not

23   Defendants' trampoline structures perform[] substantially the same function, in substantially the

24   same way, to produce substantially the same result as the claimed element(s) of the '122 Patent."

25   Doc. #106 at 3.  The Court agrees that discovery of these facts could resolve factual issues related

26   to Sky Zone's doctrine of equivalents claim.  Importantly, although the majority of Defendants'

4

1   Motion discusses the legal effect of Sky Zone's "acquiescence" during the reexamination process,

2   the Motion also addresses infringement under the doctrine of equivalents.  *See* Doc. #99 at 15-16.

3   "The inquiry of '[i]nfringement, either literal or under the doctrine of equivalents, is a question of

4   fact.'" *Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 761 F.3d 1329, 1338 (Fed. Cir. 2014) (quoting

5   *Brilliant Instruments, Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1344 (Fed. Cir. 2013)).

6   Accordingly, the Court finds that additional discovery could aid  the Court in resolving Defendants'

7   Motion for Summary Judgment.

8   **B.  Sky Zone's Expert Report**

9   Defendants argue that the fact that Sky Zone was able to serve its expert report on February

10   20, 2015, indicates that it does not, in fact, need the additional discovery now requested.  Sky Zone

11   responds that it served the expert report on February 20, 2015, in accordance with the stipulated

12   time line in the Discovery Plan and Scheduling Order, and adds that it would supplement the expert

13   report pursuant to Federal Rule of Civil Procedure 26(e)(2) if necessary based on discovery yielded

14   before the June 5, 2015, discovery deadline.  Although not directly at issue at this time, the Court

15   notes that any such supplement of Sky Zone's expert report might be improper.  *See Plumley v.*

16   *Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) ("[A] supplemental expert report that states

17   additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report

18   is beyond the scope of proper supplementation and subject to exclusion.").  However, Sky Zone's

19   service of its expert report by the deadline stated in the Scheduling Order does not necessarily

20   indicate that further discovery would be superfluous.  The Court will not hold that Sky Zone's

21   punctual service of its expert report constituted a waiver of any right to conduct additional

22   discovery before the discovery deadline.

23   **C.  Delay in Discovery**

24   Finally, Defendants argue that Sky Zone has provided no reason for its failure to complete

25   necessary discovery before now.  Defendants acknowledge the delay caused by its bankruptcy case,

26   but argue that this explanation is insufficient to justify granting additional time to complete

5

1    discovery.  Sky Zone states that it wanted to conduct depositions after the September 30, 2014,

2    *Markman* hearing and the Court's October 9, 2014, claim construction Order.  *See* Doc. #88.  Sky

3    Zone also represents that the parties have already discussed Rule 30(b)(6) depositions, which will

4    occur in April and May, 2015.  Doc. #106 at 8.  In light of fact that courts freely grant motions to

5    defer consideration pending completion of discovery, *see Burlington N. Santa Fe R.R. Co.*, 323

6    F.3d at 773-74, Defendants simply have not convinced the Court that Sky Zone delayed discovery

7    in bad faith such that the Court should deny its request to complete discovery prior to responding to

8    Defendants' Motion for Summary Judgment.

9            **D.  Motion to File Sur-Reply**

10           Defendants filed a Motion to File a Sur-Reply, largely to raise concerns regarding Sky

11   Zone's representations about its expert report.  Doc. #109 at 4.  Sur-replies "are highly disfavored,

12   as they usually are a strategic effort by the nonmovant to have the last word on a matter."  *Avery v.*

13   *Barsky*, No. 3:12-cv-0652, 2013 WL 1663612, at *2 (D. Nev. Apr. 17, 2013).  Although

14   Defendants' proposed sur-reply raises additional issues about Sky Zone's expert report in response

15   to Sky Zone's reply, these issues do not impact the Court's determination that allowing Sky Zone to

16   file its response after the close of discovery would not cause undue prejudice.  Moreover,

17   Defendants' proposed sur-reply largely reargues points that were already raised in Defendants'

18   Opposition.  *See* Doc. #102.  The Court therefore denies Defendants' Motion to File a Sur-Reply

19   because it would serve little purpose besides allowing Defendants to have the last word.  *See id*.

20           In the alternative to granting its Motion to File a Sur-Reply, Defendants requested oral

21   argument to resolve the issues regarding Sky Zone's expert report.  Oral argument is not necessary

22   to resolve the present Motion to Defer Consideration because the Court did not rely on the

23   representations about Sky Zone's expert in its decision to grant Sky Zone's Motion.  *See Koerner v.*

24   *Grigas*, 238 F.3d 1039, 1048 (9th Cir. 2003) ("The district court need not consider arguments

25   raised for the first time in a reply brief.").  Accordingly, the Court denies Defendants' request for an

26   oral argument at this time.

**IV.     Conclusion**

      IT IS THEREFORE ORDERED that Sky Zone's Motion to Defer Consideration (Doc. #100) is GRANTED.

      IT IS FURTHER ORDERED that Defendants' Motion to File a Sur-Reply (Doc. #109) is DENIED.

      IT IS FURTHER ORDERED that Sky Zone shall file its response to Defendants' Motion for Summary Judgment on or before June 19, 2015.

      IT IS FURTHER ORDERED that Sky Zone's Motion to Seal Reply to Response to Motion, Declaration of Scott A. Schroeder (Doc. #107) is GRANTED.

      IT IS SO ORDERED.

      DATED this 21st  day of April, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE